962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Orrin Scott REED, Plaintiff/Appellant,
v.
Richard A. MCLOCHLIN, Sheriff of Fulton County, Defendant/Appellee.
 No. 89-1775.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.
Decided May 18, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On September 14, 1983, Reed, while a pre-trial detainee in the Fulton County Jail, filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging numerous constitutional violations and seeking declaratory and injunctive relief. The district court allowed Reed to amend his complaint to include a request for monetary damages in September 1984 and in May 1986 appointed counsel to represent him in his civil rights case. The district court dismissed Reed's complaint in December 1987, but vacated that dismissal on June 8, 1988 and converted the defendant's pending motion to dismiss into a motion for summary judgment. After discovery, the district court granted defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c), which Reed now appeals. We affirm.
 
 
 2
 Initially, we note that, even though Reed filed his original complaint pro se, he is not entitled the liberal construction of his pleadings accorded to pro se litigants under Haines v. Kerner, 404 U.S. 519 (1972), because he was represented by counsel throughout the summary judgment proceeding. Benson v. Cady, 761 F.2d 335, 338 (7th Cir.1985). The district court granted the defendant's motion for summary judgment on the ground that Reed had produced no evidence that the defendant acted with deliberate indifference to his serious medical needs.[1] Reed does not contest this finding on appeal. Rather, he contends that the district court's grant of summary judgment was premature because it did not consider certain evidence that could only be obtained after the discovery deadline.[2] Reed points out that he attempted to obtain discovery by filing a motion to compel, but the district court did not address the motion.
 
 
 3
 While Reed filed a motion to compel, he never renewed the motion after the district court had vacated the initial dismissal of his case. Nor did he file an affidavit under Fed.R.Civ.P. 56(f) in order to obtain the documents listed in his brief which he now contends were critical to his case. Rule 56(f) provides the remedy for the type of problems about which Reed complains. "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may ... order a continuance ..." to permit additional discovery. Fed.R.Civ.P. 56(f). Reed failed to request a continuance under Rule 56(f) in order to secure additional discovery. Consequently, the district court did not abuse its discretion by ruling on the defendant's motion for summary judgment. Chicago Florsheim Shoe S. v. Cluett, Peabody & Co, 826 F.2d 725, 727 (7th Cir.1987). See also Goldberg v. Household Bank, F.S.B., 890 F.2d 965, 968 (7th Cir.1989) ("an appellate brief is the wrong place to raise, for the first time, an argument that things moved too expeditiously in the district court").
 
 
 4
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although Reed contends in the "Statement of Issues" portion of his appellate brief that the district court erroneously concluded that he had abandoned all his claims save those involving medical assertions, he advances no argument or citation to any legal authority on this point. Consequently, we need not address this contention. See Littlefield v. McGuffey, No. 90-3799, slip op. at 6 (7th Cir. Jan. 27, 1992) ("a 'litigant who fails to press a point by supporting it with pertinent authority ..., forfeits the point' ") (citations omitted)
 
 
 [2]
 Reed also asserts that the district court ignored the amendment to his complaint which added a request for monetary damages. This contention is not supported by the record. The district court's March 17, 1989 order clearly indicates that it considered Reed's request for monetary damages